UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

THE PEOPLE OF THE STATE OF NEW YORK,
by BARBARA UNDERWOOD, Attorney General
of the State of New York,

        Plaintiff,

 vs.            1:19-CV-00040
                (MAD/CFH)
LAROSE INDUSTRIES LLC,

        Defendant.
_____

APPEARANCES:        OF COUNSEL:

**OFFICE OF THE ATTORNEY GENERAL**  **YUEH-RU CHU, AG**
28 Liberty Street
New York, New York 10005
Attorneys for Plaintiff

**MOSES, SINGER LAW FIRM**    **ROBERT S. WOLF, ESQ.**
405 Lexington Avenue       **MICHAEL ROSENBERG, ESQ.**
New York, New York 10174
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  The State of New York commenced this action in state court on December 13, 2018, alleging that Defendant violated state consumer protection laws with respect to toys it sold in New York that contained high levels of lead (the "Toys").[1] *See* Dkt. No. 1-2 at 3. The case was

---

[1] Although this case was originally brought against three defendants, LaRose Industries LLC is the only remaining Defendant. *See* Dkt. No. 29 at 1 (voluntarily dismissing the action against Walmart Inc. on February 15, 2019); Dkt. No. 30 at 1 (voluntarily dismissing the action against Target Corporation on February 15, 2019).

removed to this Court on January 10, 2019, and the State now requests that the case be remanded to state court. *See* Dkt. No. 1 at 1; Dkt. No. 19 at 1.

The issue before the Court is whether New York is a real party in interest because, if it is, this Court lacks subject matter jurisdiction over the case. For the following reasons, the Court finds that New York is a real party in interest, there is no diversity of citizenship between the parties, and the case must be remanded back to state court.

## II. BACKGROUND

**A.    Facts**

Defendant is a toy and stationary company incorporated and based in New Jersey. *See* Dkt. No. 1-2 at 5. According to the Complaint, from August 2015 through April 2016, Defendant imported or distributed approximately 8,924 Toys in New York that contained amounts of lead that far exceeded the permissible federal limit. *Id.* at 5, 16, 20.

On April 22, 2016, Defendant discovered that the Toys contained dangerous amounts of lead. *See* Dkt. No. 31 at 5. The following day, Defendant informed the U.S. Consumer Product Safety Commission ("CPSC") about this issue. *Id.* Two days later, Defendant stopped selling the Toys and, under the supervision of CPSC, voluntarily recalled the kits.[2] *Id.* at 5-6.

**B.    Procedural History**

On December 13, 2018, the State filed a Verified Petition in the New York Supreme Court in Albany County, alleging that Defendant violated General Business Law ("GBL") § 396-k, which prohibits the importation, distribution, and sale of hazardous toys; GBL § 349, which prohibits deceiving consumers; GBL § 350, which prohibits false advertising; and Executive Law

---

[2] The Complaint erroneously states that Defendant recalled the Toys on June 2, 2015. *See* Dkt. No. 1-2 at 19.

§ 63(12), which prohibits fraud. *See* Dkt. No. 1-2 at 4. The State claims that it brings this action "to protect children in New York from toys containing lead and to enforce the State's laws governing the safety and marketing of toys." *Id.* at 3.

Defendant removed the case to federal court on January 10, 2019. *See* Dkt. No. 1. On January 18, 2019, New York moved to remand the case back to state court, alleging that this Court does not have diversity jurisdiction over the action. *See* Dkt. No. 19-2 at 3. Defendant opposed that motion on February 19, 2019, and Plaintiff filed a Reply. *See* Dkt. Nos. 31, 35.

### III. DISCUSSION

A defendant may remove to federal court "'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Shapiro v. Logistec USA Inc.*, 412 F.3d 307, 309-10 (2d Cir. 2005) (quoting 28 U.S.C. § 1441(a)). However, once a case has been removed, it must be remanded "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction.'" *Id.* at 310 (quoting 28 U.S.C. § 1447(c)). Where, as here, jurisdiction is asserted by a defendant in a removal petition, the defendant bears the burden of establishing that removal is proper. *See Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citations omitted). If there are any doubts as to removability, they are resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007) (citation omitted).

This case was removed to federal court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. To properly allege diversity jurisdiction, New York must allege (1) diversity of citizenship between the parties and (2) an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). It is well settled that to invoke diversity jurisdiction under 28 U.S.C. § 1332,

there must be complete diversity of citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In other words, the court lacks diversity jurisdiction if any plaintiff is a citizen of the same state as any defendant. *See, e.g.*, *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state in which it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *see also Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (citing 28 U.S.C. § 1332(c)). Therefore, because Defendant was incorporated and maintains its principal place of business in New Jersey, Defendant is a citizen of that state. *See* Dkt. No. 1-2 at 5.

The State argues that this case should be remanded back to state court because "New York is not a citizen of any State for purposes of diversity jurisdiction." *See* Dkt. No. 19-2 at 3. Defendant responds that New York is not the real party in interest because it brings this action on behalf of "a confined group of New York citizens" who purchased the Toys. *See* Dkt. No. 31 at 11. "There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973); *see also Postal Tel. Cable Co. v. State of Alabama*, 155 U.S. 482, 487 (1894) ("A state is not a citizen"). "It is equally well established, however, that the citizenship of a nominal or formal party is disregarded in determining the existence of diversity; only those with a real and substantial interest in the controversy are considered." *State of New York by Abrams v. Gen. Motors Corp.*, 547 F. Supp. 703, 704 (S.D.N.Y. 1982) (citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)) (other citation omitted). Therefore, when a state official or agency brings a lawsuit, the federal court does not have diversity jurisdiction to hear the case if the state is the real party in interest. *In re*

4

*17,325 Liters of Liquor*, 918 F. Supp. 51, 56 (N.D.N.Y. 1996) (citing *State Highway Comm'n of Wyoming v. Utah Constr. Co.*, 278 U.S. 194, 199-200 (1929)) (other citation omitted); *see also Krisel v. Duran*, 386 F.2d 179, 181 (2d Cir. 1967) (stating that "for the purpose of diversity jurisdiction, the determinative factor is whether the state is the real party in interest").

A party is a "real and substantial party to the controversy," when the party "has his own stake in the litigation." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003). Under the *parens patriae* (i.e. "parent of the country") doctrine, a state may have standing to sue as a real party if it articulates a "quasi-sovereign interest" distinct "from the interests of particular private parties." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 215 (2d Cir. 2013) (citing *Alfred L. Snapp & Son, Inc. v. Puerto Rico*, 458 U.S. 592, 607 (1982)). Examples of such quasi-sovereign interests include (1) "an interest in the health and well-being - both physical and economic - of its residents in general," *see id.* (internal quotation marks omitted), and (2) "the State's goal of securing an honest marketplace in which to transact business," *see Gen. Motors Corp.*, 547 F. Supp. at 705-06. Finally, a state may show a quasi-sovereign interest by alleging an "'injury to a sufficiently substantial segment of its population.'" *Purdue Pharma*, 704 F.3d at 215 (quoting *Alfred L. Snapp & Son*, 458 U.S. at 607).

As the State points out, courts in this circuit are split as to whether they should take a "claim-by-claim" approach or look at the whole complaint to determine whether a party is a real party in interest. *See* Dkt. No. 35 at 5-8 (citing *Purdue Pharma*, 704 F.3d at 217-19). The Second Circuit has noted, without deciding between the two approaches, that "the 'claim-by-claim' approach has been roundly criticized, and the 'whole complaint' approach has emerged as the majority rule." *Purdue Pharma*, 704 F.3d at 218 (citations omitted). Following that

5

guidance, the Court will adopt the "whole-complaint approach," and will look at the case as a whole to determine whether New York is a real party in interest.

New York argues that, "[w]hen, as here, a State sues in its *parens patriae* capacity to enforce laws that protect its citizens, and seeks civil penalties and injunctive relief to prevent future violations, the State is the real party in interest." *See* Dkt. No. 35 at 3. The Court agrees. New York brings this action "to protect children in New York from toys containing lead and to enforce the State's laws governing the safety and marketing of toys." *See* Dkt. No. 1-2 at 3. The State has an interest in preventing injuries "to a sufficiently substantial segment of its population," such as its children occupants. *See Purdue Pharma*, 704 F.3d at 215. Moreover, the State brings this action to stop Defendant's "deceptive acts or practices," "false advertising," and "repeated fraudulent or illegal acts," all of which support the State's interest in enforcing an honest marketplace in which to transact business. *See Gen. Motors Corp.*, 547 F. Supp. at 705 n.5. Finally, New York is acting on behalf of the health and well-being of the children in New York by enforcing the federal limit on lead in toys. *Id.* at 706-07. Accordingly, the Court finds that New York has articulated several quasi-sovereign interests in this lawsuit.

The remedies requested in the Complaint support this conclusion. New York asks the Court to enjoin Defendant's illegal conduct, impose civil statutory penalties, and institute a quality control program that would prevent another lead incident from happening. *See* Dkt. No. 1-2 at 28-31. Defendant argues that "the State's claim for civil penalties is mere window-dressing that does not transform the State into a real party in interest." *See* Dkt. No. 31 at 11. On the contrary, the civil penalties show that the state is enforcing its quasi-sovereign interests in this litigation. Moreover, the fact that New York does not seek any restitution or damages for the

victims is further evidence that the State is the true party to this action.[3]  Therefore, because the remedies sought clearly benefit the state, New York is the real party in interest in this action. *Compare Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cavicchia*, 311 F. Supp. 149, 155-57 (S.D.N.Y. 1970) (finding no quasi-sovereign interest where "[n]o benefit will enure to the state" because the state did not have an interest in property to be returned to the victims) (citing *Missouri, Kansas, & Texas Ry. v. Missouri R.R. & Warehouse Comm'rs*, 183 U.S. 53, 59 (1901)).

Defendant argues that New York is not a real party in interest because the Complaint "focuses on a confined group of products that could have been purchased by a confined group of New York citizens over a narrow, eight-month period."  *See* Dkt. No. 31 at 11.  This argument mischaracterizes the Complaint.  In the Complaint, New York seeks to enjoin Defendant from conduct that is illegal under New York law and to impose civil statutory fines to punish Defendant and deter other businesses from similarly harming New York consumers.  *See* Dkt. No. 1-2 at 28-31.  "The purpose of seeking this wide-ranging relief is not merely to vindicate the interests of a few private parties . . . [but] is to take a step toward eliminating fraudulent and deceptive business practices in the marketplace."  *Charles Schwab*, 2010 WL 286629, at *5 (citing *Gen. Motors Corp.*, 547 F. Supp. at 705).  In fact, New York asks the Court to impose a quality control program, which would prevent the recurrence of this issue.  *See* Dkt. No. 1-2 at

---

[3] Even if New York sought restitution for citizens harmed by the Toys, such damages would not strip the State of its quasi-sovereign interests.  *See, e.g.*, *Gen. Motors Corp.*, 547 F. Supp. at 706-07 (finding that the court is not required to ignore the primary purpose of an action whose focus is on "obtaining wide-ranging injunctive relief designed to vindicate the State's quasi-sovereign interest in securing an honest marketplace for all consumers" simply because the state also seeks recovery for an identifiable group); *see also People of New York ex rel. Cuomo v. Charles Schwab & Co.*, No. 09-CV-7709, 2010 WL 286629, *6 (S.D.N.Y. Jan. 19, 2010) (finding it "completely understandable that a state should, at the same time, seek to prevent the recurrence of harmful conduct in the future and to remedy the damage it has caused in the past").

28-29. Clearly, then, this action is not brought on behalf of a confined group of New York citizens, but has been brought by New York to enforce its quasi-sovereign interests.

Defendant's reliance on *Cavicchia* is unavailing. In *Cavicchia*, a district court held that the state was not the real party in interest after it considered that the lawsuit was brought as a civil claim, the statute empowered the Attorney General to sue "in the name and on behalf of the people of the state of New York," and the case "[did] not in any way affect state revenues, state property, state contracts, or any activity by the state as a political entity." *Cavicchia*, 311 F. Supp. at 157-58. *Cavicchia*, however, involved an action brought by New York on behalf of a specific group of "allegedly defrauded New York residents who possess[ed] verifiable claims" against the defendant. *Id.* at 159. In contrast, New York brings this action to enforce state laws and to remedy an injury done to the children who reside in this state, who are a sufficiently substantial segment of its population. *See Purdue Pharma*, 704 F.3d at 215. Moreover, as discussed above, the remedy that New York seeks will benefit the State. *See* Dkt. No. 1-2 at 28-31. Accordingly, *Cavicchia* does not compel this Court to reach a different conclusion.[4]

Finally, Defendant's remaining arguments involve the substantive issues of the case. *See* Dkt. No. 31 at 12, 15 (arguing that since the New York consumer protection statutes have never before been used to enforce the federal limit for lead in children's products, it is not proper for New York to do so now); *id.* at 16-19 (arguing that the laws under which the State brings this

---

[4] The court in *Cavicchia* concluded that the real party in interest inquiry should be "founded on consistent principles of construction" in the both the sovereign immunity context and the removal context. *See Cavicchia*, 311 F. Supp. at 156. Not all courts agree with that conclusion. *See, e.g., Charles Schwab & Co.*, 2010 WL 286629, at *5 (rejecting *Cavicchia* and noting that "[t]he particular objectives of the removal statutes, on the one hand, and the Eleventh Amendment, on the other, as well as the factual contexts of the case law, need to be kept in mind"). Without deciding whether the real party in interest analysis should be identical in the two different contexts, the Court declines to follow *Cavicchia* here.

action are preempted by federal regulation). Since the Court has concluded that it does not have subject-matter jurisdiction to hear this case, it may not rule on the merits of the case, and must remand the case back to state court. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

As such, the Court finds that New York is the real party in interest in this case. Because New York is not a citizen of any state, the parties are not diverse, and the Court does not have diversity jurisdiction over this matter. Accordingly, the case is remanded to the New York State Supreme Court in Albany County.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter and the applicable law, the Court hereby

**ORDERS** that the State of New York's Motion to Remand (Dkt. No. 19) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court is directed to transmit the file in this matter, along with a copy of this Memorandum-Decision and Order, to the Clerk of the New York State Supreme Court, Albany County and close this case.

**IT IS SO ORDERED.**

Dated: May 9, 2019
       Albany, New York

*[signature]*
Mae A. D'Agostino
U.S. District Judge